UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD S. HARDEN,

    Petitioner,

v.                                                                                                     Case No. 19-C-1503

UNITED STATES OF AMERICA,

    Respondent.

## ORDER DENYING § 2255 PETITION

In November 2016, Petitioner Donald S. Harden was found guilty by a jury of conspiring to distribute a controlled substance. The jury also found in a special verdict (1) that the offense involved 100 grams or more of a mixture and substance containing heroin; and (2) that the death of Frederick J. Schnettler resulted from his use of heroin distributed by Harden. On February 6, 2017, the court imposed a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1), which mandates a life sentence when death results from the use of a controlled substance illegally distributed by the defendant. WIED Case No. 16-CR-0035.

Harden appealed, claiming that the evidence was insufficient to establish beyond a reasonable doubt that his heroin caused Schettler's death and, relatedly, that the trial court had failed to properly instruct the jury on causation. Harden also argued on appeal that the court erred in excluding testimony he claimed suggested a different source of the heroin and in failing to declare a mistrial after inadmissible evidence entered the jury room during deliberations. Finally, Harden argued that the prosecution misstated evidence during closing argument. The Court of Appeals rejected each of Harden's arguments and on June 20, 2018, issued its decision affirming Harden's conviction and sentence. 893 F.3d 434(7th Cir. 2018).

On October 14, 2019, Harden filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In support of his petition, Harden claims that his trial attorney provided ineffective assistance of counsel by (1) failing to offer expert medical evidence on the issue of causation; and (2) failing to object to an improper jury instruction on the issue of causation. Neither claim has merit and Harden's petition will be denied without an evidentiary hearing.

With respect to trial counsel's failure to offer expert medical evidence on the issue of causation, Harden's claim fails because he fails to allege what evidence his attorney could have offered. In other words, other than saying counsel should have had an expert, he fails to offer any reason to believe that an expert could have offered any useful testimony. Harden has offered no evidence that an expert would have helped. "It is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) (internal quotations omitted). Without a report or affidavit by an expert offering an opinion that might have called into question the government's theory of causation more than Harden's trial attorney was able to do without an expert, no hearing is needed. Conclusory and vague allegations that an expert should have been called are insufficient. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015).

Harden's claim that trial counsel erred in failing to object to the jury instruction on causation also fails. This claim fails because the instruction given by the court was not a misstatement of the law. In *Burrage v. United States*, 571 U.S. 204 (2014), the Court held that the "death results" element of 21 U.S.C. § 841(b)(1)(B) requires that the use of the controlled substance distributed by the defendant was the but-for cause of death. This, the Court held, is the

ordinary meaning of the phrase "results from." *Id.* at 209–12. The Court did not hold, however, that a jury must be instructed using the specific phrase "but-for." The Court held in *Burrage* that the trial court had erred in that case by instructing the jury that it was enough if they found that the "heroin distributed by the Defendant was a contributing cause of . . . death." *Id.* at 208. In this case, the jury was instructed that in order to answer the special verdict question regarding Schnettler's death "yes," it had to find "that the government has proven beyond a reasonable doubt that Frederick J. Schnettler died as a result of the use of heroin distributed by the defendant." No. 16-CR-0035, Dkt. No. 40, at 10. The jury was not told that they should answer the question "yes" if they found only that the use of the heroin Harden distributed was only a contributing cause. Instead, they were instructed that the government must prove that Schnettler's death resulted from his use of heroin distributed by Harden. There is no reason to believe that the jury did not understand the ordinary meaning of "resulting from" as requiring that the use of the heroin was the but-for cause of Schnettler's death. It is clear from their closing arguments that the attorneys understood it in this way.

In sum, for the reasons set forth above, I conclude that Harden's motion for relief under § 2255 should be and the same hereby is denied without a hearing. A certificate of appealability is denied, and the Clerk is directed to enter judgment of dismissal forthwith.

**SO ORDERED** this  31st  day of December, 2019.

        s/ William C. Griesbach
       William C. Griesbach, Chief Judge
       United States District Court - WIED